UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ISAAC EGUAEBOR, | ) |
| Plaintiff, | ) |
| | ) 3 08 0248 |
| v. | ) No. 3:08mc0010 |
| | ) Judge Campbell |
| DAVIDSON COUNTY SHERIFF'S | ) |
| OFFICE, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in Metro-Davidson County Detention Facility (MDCDF) in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office and Corrections Officer (CO) f/n/u Hunter. Corrections Officer Hunter was employed Hill Detention Center (HDC) in Nashville where the plaintiff was incarcerated at the time of the alleged events that gave rise to this action. The plaintiff alleges that CO Hunter used excessive force against him, thereby violating his rights under the Eighth Amendment.

The plaintiff asserts that he returned to HDC from "out of town court" to find that his radio had been stolen. (Docket Entry No. 1, ¶ IV) According to the plaintiff, when he directed "profanity towards the individual who stole [his] radio," he was directed by an unnamed and unidentified HDC staff member to "exit the pod and to go the quiet box." (Docket Entry No. 1, ¶ IV) The plaintiff alleges that CO Hunter used excess force while en route, breaking the plaintiff's leg. (Docket Entry No. 1, ¶ IV) The plaintiff alleges that, when he told CO Hunter that he was unable to walk because his leg was broken, CO Hunter threatened to break the plaintiff's neck, and ordered him dragged (Docket Entry No. 1, ¶ IV)

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

A viable Eighth Amendment claim for the use of excessive force has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires the plaintiff to demonstrate that he has been

2

subjected to specific deprivations so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Moreover, the objective component not only requires that the pain be serious, *see Hudson*, 503 U.S. at 8-9, the plaintiff also must allege that he sustained more than *de minimis* injury, *Id.* at 9-10; *Thaddeus-X v. Blatter*, 175 F.3d 378, 402 (6th Cir. 1999). The subjective component, on the other hand, requires that the defendant acted with deliberate indifference to the inmate's health or safety. *See Wilson*, 501 U.S. at 302-03. More particularly, the subjective component requires the plaintiff to show that the defendant acted "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)(internal quotation marks omitted).

## A. Davidson County Sheriff's Office

Apart from claiming that the Davidson County Sheriff's Office "should be punished for this incident," the plaintiff has provided no factual allegations against the Davidson County Sheriff's Office in the statement of the facts. Because the plaintiff has not alleged and shown that the Davidson County Sheriff's Office violated his rights under the Constitution or laws of the United States, he fails to satisfy the first part of the two-part test under *Parratt, supra* at p. 2. Moreover, "persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). Sheriffs' offices and police departments are not bodies politic or corporate; therefore, they are not persons within the meaning

3

of § 1983. *See Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *Timberlake by Timberlake v. Benton*, 786 F.Supp. 676, 682-83 (M.D. Tenn. 1992)(police departments are not persons within the meaning of § 1983). Consequently, the plaintiff also fails to satisfy the second part of the two-part test under *Parratt, supra* at p.2.

For the reasons explained above, the plaintiff's claim against the Davidson County Sheriff's Office lacks an arguable basis in law or fact. Accordingly, this claim will be dismissed as frivolous.

## B. Corrections Officer Hunter

Although the plaintiff does not describe the specific nature of the excessive force to which he allegedly was subjected, he specifically alleges that Defendant Hunter broke Plaintiff's leg and then ordered him to be dragged. Accepting these allegations as true, under the applicable standards cited above, Plaintiff's allegations against CO Hunter are not facially frivolous. Accordingly, process shall issue as to CO Hunter for the alleged use of excessive use of force against the plaintiff.

An appropriate Order will be entered.

Todd Campbell
United States District Judge