NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 09-5698

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ISAAC EGUAEBOR, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| DAVIDSON COUNTY SHERIFF'S | ) | TENNESSEE |
| DEPARTMENT; MICHAEL HUNTER, C/O, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

FILED
Jan 12, 2011
LEONARD GREEN, Clerk

O R D E R

Before: BATCHELDER, Chief Judge; DAUGHTREY and GRIFFIN, Circuit Judges.

Isaac Eguaebor, a Tennessee prisoner proceeding pro se, appeals a district court order granting summary judgment to defendant Officer Michael Hunter and dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Eguaebor filed a complaint in the district court naming Officer Hunter and the Davidson County Sheriff's Department as defendants. He asserted that Officer Hunter violated his Eighth Amendment rights when he tackled him to the ground, causing his leg to be broken, and subsequently dragged him to an isolation cell.

Officer Hunter filed a motion for summary judgment. The magistrate judge entered a report recommending that the motion be granted, concluding that Eguaebor's claims were without merit. Over Eguaebor's objections, and after de novo review, the district court adopted the recommendation, granted the motion, and dismissed Eguaebor's complaint. This appeal followed.

"The Eighth Amendment prohibits punishments that 'involve the unnecessary and wanton infliction of pain,' including inflictions of pain that 'are totally without penological justification.'" *Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (internal quotation marks and citation omitted).

Upon review, we conclude that the district court properly granted summary judgment to Officer Hunter. Eguaebor admits causing a disturbance, behaving erratically, and threatening other inmates. He admits that he knocked items off of the officer's workstation on his way to the isolation cell. He does not controvert Officer Hunter's statement that there are frequently items on the officer's workstation that can be used as weapons. Accordingly, Officer Hunter's actions in tackling Eguaebor were a reasonable response to a disturbed and hostile inmate's behavior, particularly in light of his concern that Eguaebor might have obtained a weapon. *See Griffin v. Hardrick*, 604 F.3d 949, 954-56 (6th Cir. 2010) (concluding that detainee's broken leg was not sufficient to establish excessive force where evidence showed officers acted reasonably in response to hostile and resistant behavior).

Eguaebor also fails to establish that Officer Hunter violated his Eighth Amendment rights by dragging him to the isolation cell. Officer Hunter states that he did not know that Eguaebor's leg was broken, and Eguaebor does not dispute that he did not tell Officer Hunter that he was injured. Officer Hunter also states that Eguaebor was lying in a doorway and blocking the path of other inmates and corrections officers; Eguaebor confirms this. Accordingly, his actions in dragging a resistant inmate to the isolation cell were not excessive, and cannot support an Eighth Amendment claim. *See Lockett*, 526 F.3d at 876 (concluding that a "minimal application of force" was insufficient to support an Eighth Amendment claim.)

No. 09-5698
- 3 -

We affirm the judgment of the district court.  Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Clerk